IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| NFG, LLC, and LORI OSMUNDSON, | |
| Plaintiffs/Counter-Defendants, | No. 24-CV-2039-CJW-KEM |
| vs. | REPORT AND RECOMMENDATION |
| NORAG, LLC, | |
| Defendant/Counter-Claimant. | |

Defendant/Counter-Claimant Norag, LLC, removed this breach-of-contract case to federal court on the basis of diversity jurisdiction, alleging Plaintiff NFG LLC's citizenship based on its state of incorporation and principal place of business (Iowa). Doc. 1. Plaintiff NFG, LLC, filed a diversity-disclosure statement identifying its members, all individuals, four of whom are citizens of Iowa and one of whom is a citizen of Kansas. Doc. 11. According to Defendant Norag, LLC's, diversity-disclosure statement, it too has members who are Kansas citizens. Doc. 16.

Federal courts have limited jurisdiction, and a court must raise the issue of subject-matter jurisdiction *sua sponte* if it discovers jurisdiction may be lacking.[1] "When jurisdiction is based on diversity of citizenship, the pleadings, to establish diversity, must set forth with specificity the citizenship of the parties."[2]

---

[1] ***Sadler v. Green Tree Serv., LLC***, 466 F.3d 623, 625 (8th Cir. 2006) ("Lack of subject-matter jurisdiction of a lawsuit cannot be waived by the parties—or ignored by the courts—at any stage of the litigation.").

[2] ***Barclay Square Properties v. Mw. Fed. Sav. & Loan Ass'n of Minneapolis***, 893 F.2d 968, 969 (8th Cir. 1990).

For purposes of diversity jurisdiction, a corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."[3] Thus, "to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business. Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity."[4] The citizenship of a limited liability company (LLC), on the other hand, "is that of its members for diversity jurisdiction purposes"; it is not determined based on its state of organization and its principal place of business.[5]

Here, both LLCs have members who are Kansas citizens. Thus, both Plaintiff and Defendant are citizens of Kansas, and diversity jurisdiction does not exist.

I therefore recommend **REMANDING** this case to state court for lack of subject-matter jurisdiction.

Objections to this Report and Recommendation must be filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[6] Failure to object to the Report and Recommendation waives the right to *de*

---

[3] **28 U.S.C. § 1332(c)(1)**.

[4] *J.R. Mktg., Inc. v. Mario Ramirez & W. Coast Contractors of Nevada, Inc.*, No. 4:14CV1487 CDP, 2014 WL 4285103, at *1 (E.D. Mo. Aug. 29, 2014).

[5] *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016) (noting that a "'non-corporate artificial entity' . . . . possesses its members' citizenship").

[6] **Fed. R. Civ. P. 72**.

*novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[7]

**DONE AND ENTERED** on September 4, 2024.

_____
Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

---

[7] *See* **United States v. Wise**, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

3

Case 6:24-cv-02039-CJW-KEM    Document 17    Filed 09/04/24    Page 3 of 3