# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| NFG, LLC, and LORI OSMUNDSON,<br><br>    Plaintiff/Counter-Defendants,<br><br>vs.<br><br>NORAG, LLC,<br><br>    Defendant/Counter-Claimant. | No. 24-CV-2039-CJW-KEM<br><br><br>**ORDER** |

_____

## *I.* INTRODUCTION

This matter is before the Court on a September 4, 2024, Report and Recommendation ("R&R") filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 17). Judge Mahoney recommends the Court remand this case to state court for lack of subject matter jurisdiction. Defendant filed a response to the R&R in which it states it "does not object to the remand to state court." (Doc. 18, at 1). Plaintiffs did not file any objections and the deadline for such objections has expired. For the reasons stated below, the Court **accepts** Judge Mahoney's R&R without modification.

## *II.* BACKGROUND

The Court has reviewed the record and finds that Judge Mahoney accurately summarized the limited pertinent facts and procedural history of this case. In short, this breach-of-contract case was originally filed in the District Court of Fayette County, Iowa. (Doc. 4). Defendant removed the case to this Court on July 22, 2024, on the basis of diversity jurisdiction. (Doc. 1). After defendant removed the case, defendant filed its

answer and counterclaims against all plaintiffs. (Doc. 9). All parties have filed citizen disclosure statements. (Docs. 11, 12, & 16).

### III. APPLICABLE STANDARDS

#### A. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge

to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### B. Federal Court Jurisdiction

Federal courts may only hear cases which fall within their limited subject matter jurisdiction. *N. Cent. F.S. v. Brown*, 951 F. Supp. 1383, 1391–92 (N.D. Iowa 1996). Title 28, United States Code, Section 1332, grants federal courts subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. "[T]he statutory formulation 'between . . . citizens of different States' [requires] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)); *see also Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (explaining that diversity jurisdiction requires "complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." (internal quotations omitted)).

"While [Section] 1332 allows plaintiffs to invoke the federal courts' diversity jurisdiction, [Title 28, United States Code, Section 1441] gives defendants a corresponding opportunity." *Lincoln Prop. Co.*, 546 U.S. at 89. Under Section 1441(a):

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) & (b). Section 1441 is a procedural rule and not a jurisdictional provision. *See Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1055 (8th Cir. 2020); *Nolan v. Prime Tanning Co.*, 871 F.2d 76, 78 (8th Cir. 1989) (citing *Grubbs v. General*

*Elec. Credit Corp.*, 405 U.S. 699, 702–05 (1972).

Courts strictly construe and enforce limitations on removal. *Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995). It follows that the burden to establish diversity jurisdiction generally, and proper removal specifically, falls upon the party asserting jurisdiction. *See In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) ("As the party seeking removal and opposing remand, [defendant] had the burden of establishing federal subject matter jurisdiction.").

## IV. DISCUSSION

Defendant removed this action from state court to federal court. Judge Mahoney discovered both plaintiff and defendant LLCs have members who are Kansas citizens, and thus recommended remanding the case to state court. The Court agrees with Judge Mahoney's analysis and recommendation.

"An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

Here, plaintiff NFG, LLC has members who are citizens of Iowa and Kansas. (Doc. 11, at 1). Defendant's sole member is a Kansas limited liability company with its principal office in Kansas, and its sub-members are citizens of Florida, New Hampshire, Kansas, and Oklahoma. (Doc. 3). Both plaintiff and defendant LLCs have members who are citizens of Kansas. Thus, diversity jurisdiction does not exist and the case must be remanded to state court. The parties, including defendant who removed this action, do not disagree. (Doc. 18).

## V. CONCLUSION

For these reasons:

1. The Court **accepts** Judge Mahoney's R&R (Doc. 17) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Consistent with Judge Mahoney's recommendation:

    a. This matter is **remanded** to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED** this 25th day of September, 2024.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa